UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CLEORA I. GUILE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 2:11CV40 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant United States of America's Motion to Dismiss, filed August 23, 2011.  (ECF No. 10).  The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Cleora Guile alleges that on May 31, 2006, Dr. Timothy Herbst, D.D.S., drilled one of her teeth too deeply, causing bleeding.  (First Amended Complaint ("Complaint" or "Compl."), PP. 1, 3).  Plaintiff alleges Dr. Herbst then overfilled her cavity, and failed to check occlusion before sending her home.  (Id.).  Because Dr. Herbst allegedly refused to see her, Plaintiff endured infection, the death of her tooth, and excruciating pain for three months.  (Id., PP. 3-4).  On August 7, 2006, Plaintiff claims that in preparing to extract the tooth Dr. Herbst held her down against her will, and continued to inject into the site against her wishes, thereby causing permanent nerve damage.  (Id., P. 4).

According to Plaintiff, on March 27, 2007, Dr. Sclaroff, an oral surgeon, informed her that Dr. Herbst had damaged her glossopharyngeal nerve through his negligent injection.  (Compl., PP.

---

[1] The majority of the Court's background section is taken from Plaintiff's First Amended Complaint, to which Defendant has not yet filed an answer.

2-3).  Plaintiff claims that the nerve damage led to significant speech problems and other injuries.
(Id., P. 3).

On October 1, 2008, Plaintiff filed suit against Dr. Herbst in the Circuit Court of Adair
County, Missouri.  (Cause No. 2:08CV64 DDN, ECF No. 1-3, PP. 2-3).  The United States Attorney
certified that Dr. Herbst was acting within the scope of his employment at the time of the incidents,
pursuant to the Federally Supported Health Centers Assistance Act of 1992, Pub. L. 102-501.  (Id.,
ECF No. 1-2, P. 2).  The United States therefore removed Plaintiff's action to this Court, and sought
leave to dismiss Dr. Herbst and substitute the United States of America as Defendant.  (Id., ECF Nos.
1-2, 4, 10).  In response to a motion to dismiss filed by Defendant, Plaintiff filed an administrative
claim pursuant to the Federal Tort Claims Act ("FTCA") with the Department of Health and Human
Services on May 14, 2009.  (Compl., P. 2).  United States Magistrate Judge David D. Noce then
dismissed Plaintiff's federal suit on May 19, 2009, as follows:

> As set forth on the record of the hearing held on March 13, 2009,
> because this court lacks subject matter jurisdiction because plaintiff Cleora
> Guile has not presented her claim under the Federal Tort Claims Act to the
> appropriate federal agency and the appropriate federal agency has not finally
> denied the claim of plaintiff, as required by 28 U.S.C. § 2675(a), with the
> consent of all the parties that the undersigned Magistrate Judge exercise
> plenary authority under 28 U.S.C. § 636(c),
>
> IT IS HEREBY ORDERED that the motion of the defendant United
> States to dismiss this action without prejudice (Doc. 6.) is sustained.  The
> action is dismissed without prejudice.

(Cause No. 2:08CV64 DDN, ECF No. 13).  According to Plaintiff, her agency action was dismissed
on December 3, 2010, for failure to file paperwork in a timely manner.  (Compl., P. 2).

Plaintiff filed the instant suit against the United States of America on May 25, 2011.  (ECF
No. 1).  In her First Amended Complaint, filed June 15, 2011, Plaintiff alleges she suffered permanent
injuries as a result of the negligent care she received from Dr. Herbst.  (ECF No. 5).  As stated above,

Defendant filed its Motion to Dismiss on August 23, 2011, claiming Plaintiff's Complaint must be dismissed (a) as untimely filed under the FTCA, and (b) for failure to produce a valid health care affidavit as required by Missouri Revised Statutes § 538.225.  (ECF No. 10).

**DISCUSSION**

**I.      Statute Of Limitations**

In its Motion to Dismiss, Defendant first asserts Plaintiff's Complaint must be dismissed as untimely filed.  (ECF No. 10, PP. 3-9).  Defendant notes that under the FTCA, a tort claim against the United States is barred unless it first has been presented to the appropriate federal agency within two years of the alleged injury.  (Id., P. 4, citing 28 U.S.C. §§ 2401(b), 2675(a)).  Defendant correctly notes that the requirements set forth in Sections 2401(b) and 2675(a) of the FTCA are jurisdictional prerequisites that must be satisfied before a claimant may proceed against the United States in federal court.  (Id., P. 5; see also T.L. ex rel. Ingram v. United States, 443 F.3d 956, 960-961 (8th Cir. 2006)).

A cause of action under the FTCA generally accrues at the time the plaintiff is injured.  Sell v. U.S. Dept. of Justice, 585 F.3d 407, 409 (8th Cir. 2009), citing United States v. Kubrick, 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).  "In medical malpractice cases, however, the cause of action accrues when the plaintiff discovers the nature and cause of [her] injury."  Id. (citation omitted).  "Once the cause of action accrues, the plaintiff has two years to file [her] claim under the FTCA."  Id., citing 28 U.S.C. § 2401(b).

Upon consideration, the Court finds the facts before it do not allow for a jurisdictional ruling at this time.  Specifically, the Court notes that while Plaintiff certainly was aware of her disagreement with Dr. Herbst's methods at the time she received treatment, she claims she knew neither that he had in fact inflicted a serious injury, nor the nature of such injury, i.e., permanent nerve damage, until

- 3 -

March of 2007.  (See, e.g., Compl., PP. 2-3 ("Dr. Herbst['s] Breeches (sic) in standard of care were

obvious once I dispelled my self doubt caused by erroneous information given by doctors, dentists,

speech pathologist and attorneys given me prior to March 27, 2007 when Dr. Sclaroff DDS Oral

Surgeon, told me and documented that Dr. Herbst had damaged my glossopharyngeal nerve during

a negligently given injection 5/31/06 showing existence of nerve damage and physical cause of speech

problem and other injuries."); see also ECF No. 12, PP. 2-4).  Should Plaintiff's assertions regarding

the timing of her knowledge and understanding prove true, then her state court suit against Dr.

Herbst, filed October 1, 2008, was timely under the FTCA.[2]  In light of these circumstances, the

Court will deny Defendant's Motion to Dismiss on the basis of failure to comply with the FTCA's

statute of limitations without prejudice.[3]

## II.   <u>Health Care Affidavit</u>

In its Motion to Dismiss, Defendant next asserts Plaintiff's Complaint must be dismissed for

failure to file a health care affidavit, as required under Missouri law.  (ECF No. 10, PP. 9-10).

Missouri Revised Statutes § 538.225 provides in relevant part as follows:

1.     In any action against a health care provider for damages for personal injury or
death on account of the rendering of or failure to render health care services,
the plaintiff or the plaintiff's attorney shall file an affidavit with the court
stating that he or she has obtained the written opinion of a legally qualified
health care provider which states that the defendant health care provider failed
to use such care as a reasonably prudent and careful health care provider
would have under similar circumstances and that such failure to use such

---

[2] If a plaintiff mistakenly files a case in state court before filing an administrative claim,
then any later-filed administrative claim, "shall be deemed to be timely presented under section
2401(b) of this title if--(A) the claim would have been timely had it been filed on the date the
underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal
agency within 60 days after dismissal of the civil action."  28 U.S.C. § 2679(d)(5).

[3] Should further discovery reveal proof of Plaintiff's earlier awareness of her injury and its
cause, Defendant may renew its motion to dismiss on statute of limitations grounds at that time.

reasonable care directly caused or directly contributed to cause the damages claimed in the petition....

5.      Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.

"[F]ederal courts in Missouri regularly apply Mo.Rev.Stat. § 538.225.1 in FTCA actions." <u>Sledge v. United States</u>, 723 F.Supp.2d 87, 99-100 (D.D.C. 2010) (citations omitted).

In the instant case, Plaintiff has not filed the required affidavit.  Further, because her Complaint was filed on May 25, 2011, the ninety day period within which she was to do so has expired.[4]  Upon consideration of Plaintiff's <u>pro se</u> status, however, the Court finds good cause to extend the period for filing pursuant to Mo.Rev.Stat. § 538.225.5.  Defendant's Motion to Dismiss on this basis will therefore be denied without prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED that** Defendant United States of America's Motion to Dismiss (ECF No. 10) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED that** Plaintiff's Motion for Leave to File Affidavit Out of Time (ECF No. 12) is **GRANTED**, and Plaintiff is granted until **<u>Monday, November 21, 2011</u>**, within which to file the affidavit required by Mo.Rev.Stat. § 538.225.  Failure to do so may result in the dismissal of Plaintiff's First Amended Complaint without prejudice.

---

[4] The Court declines Defendant's invitation to look to the filing of Plaintiff's original state court petition on October 1, 2008, to determine the expiration of the ninety-day period.  (<u>See</u> ECF No. 10, P. 10).

**IT IS FURTHER ORDERED that** Plaintiff's Request for Expert Services pursuant to the Criminal Justice Act (ECF No. 12) is **DENIED**.

Dated this 21st day of September, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE