UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CLEORA I. GUILE, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 2:11CV40 JCH |
| UNITED STATES OF AMERICA, | ) |
| Defendant(s). | ) |

**ORDER**

This matter is before the Court on Defendant United States of America's Second Motion to Dismiss, filed February 22, 2012. (ECF No. 26). The motion is fully briefed and ready for disposition.

Plaintiff Cleora Guile filed the instant suit against the United States of America on May 25, 2011. (ECF No. 1). In her First Amended Complaint, filed June 15, 2011, Plaintiff alleges she suffered permanent injuries as a result of the negligent care she received from Dr. Timothy Herbst, D.D.S. (ECF No. 5). Defendant filed its first Motion to Dismiss on August 23, 2011, claiming Plaintiff's Complaint must be dismissed (a) as untimely filed under the Federal Tort Claims Act, and (b) for failure to produce a valid health care affidavit as required by Missouri Revised Statutes § 538.225. (ECF No. 10). In an Order entered September 21, 2011, the Court denied Defendant's motion without prejudice. (ECF No. 16). With respect to the health care affidavit, the Court recognized Plaintiff's failure to file the affidavit within the ninety day period prescribed by the statute. The Court found good cause to extend the period for filing, however, and granted Plaintiff until Monday, November 21, 2011, within which to file the affidavit required by Mo.Rev.Stat. § 538.225. (Id.).

On September 30, 2011, Plaintiff filed an affidavit stating in relevant part as follows:

> I have obtained the written opinion of a legally qualified health care provider:
>
> Allen Sclaroff D.D.S., Diplomat-American Board of Oral and Maxillofacial Surgery @ 1040 N. Mason, Suite 207, Creve Coeur, Missouri 63141 (314-453-9705),
>
> satisfying the requirements of showing that the defendant healthcare provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or contributed to cause the damages claimed in the petition.

(ECF No. 18).

As stated above, Defendant filed its Second Motion to Dismiss on February 22, 2012. (ECF No. 26). In its motion, Defendant acknowledges that Plaintiff eventually filed the affidavit as required by Missouri law. (Id., P. 4). Defendant nevertheless asserts Plaintiff's Complaint must be dismissed, as neither Dr. Sclaroff nor any other qualified health care provider has been retained by Plaintiff to serve as an expert witness in this matter. (Id., P. 2). Defendant further maintains Plaintiff's affidavit misrepresents the role of Dr. Sclaroff, because "Dr. Sclaroff has not been retained as an expert by Plaintiff nor has Dr. Sclaroff provided a written opinion stating that any medical provider breached the standard of care or that any breach caused Plaintiff any damages." (Id., P. 4).

Upon consideration, the Court finds Plaintiff has complied with the requirements of Mo.Rev.Stat. § 538.225. Specifically, the Court notes Plaintiff's affidavit complies with section one of the statute, which states as follows:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such

> reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Plaintiff's affidavit tracks the language of the statute, and thus fulfills its requirements. Furthermore, while Defendant apparently now questions the veracity of the filed affidavit, the Court notes Section 538.225(7) provides a mechanism for contesting the underlying representations, as follows:

> 7. Within one hundred eighty days after the filing of the petition, any defendant may file a motion to have the court examine in camera the aforesaid opinion and if the court determines that the opinion fails to meet the requirements of this section, then the court shall conduct a hearing within thirty days to determine whether there is probable cause to believe that one or more qualified and competent health care providers will testify that the plaintiff was injured due to medical negligence by a defendant. If the court finds that there is no such probable cause, the court shall dismiss the petition....

Defendant did not file a motion requesting that the Court review Dr. Sclaroff's alleged opinion, and the time for doing so has now expired. Defendant's Motion to Dismiss on the basis of Mo.Rev.Stat. § 538.225 must therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Second Motion to Dismiss (ECF No. 26) is **DENIED**.

Dated this   14th   day of March, 2012.

    /s/Jean C. Hamilton
    UNITED STATES DISTRICT JUDGE